FLORA VERRILL *vs.* ANDROSCOGGIN ELECTRIC CO.

Cumberland County. Decided November 15, 1917. An action for personal injury received by the plaintiff when about to board one of the defendant's cars. Defendant on general motion seeks to set aside a verdict recovered by the plaintiff.

Defendant operates the Interurban Electric Railway between Portland and Lewiston, running local and express cars. At New Gloucester, Upper Corner, the track crosses a much travelled highway. Practically within the limits of this highway the defendant maintains a small waiting room, having in front of it a platform, level with the top of the rails, and six feet wide and twenty feet long. Defendant's car overhung this platform for about one-third of its width.

The plaintiff, who had not visited this station before crossed the track onto the platform to take a local car then about due and on time. She had partly turned and waved to her husband when she was struck in the back by the approaching car, and thrown twenty-five feet onto the frozen ground. She had seen the car about one thousand feet away, but supposing it made that stop apprehended no danger. Passengers in the road or on the platform could be seen by the train crew for a long distance. The crew testify that they did not intend making this stop as they had noticed no passengers on the platform, and when they saw the plaintiff they locked the brakes but owing to the slippery rails the car slid. The car must have slid more than two hundred feet if this testimony is correct.

A careful examination of the testimony satisfies the court that there is sufficient reliable testimony to justify the jury's conclusion that the defendant was negligent and the plaintiff not guilty of contributory negligence. The plaintiff was entitled to all of the protection that common carriers must afford their passengers. The defendant should have known that passengers might arrive at any moment up to the time it set for its car to make the stop. All of the circumstances that increased the hazard of passengers at this point and on this particular morning the defendant knew and should have borne in mind.

Motion denied. Judgment on the verdict. *William Lyons*, for plaintiff. *Larrabee & Larrabee, and John A. Morrill*, for defendant.